**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**RICHARD LEE BATES,**

      **Petitioner,**

**v.**                                       **Civil Action No 1:17cv143**
                                                    **(Judge Keeley)**

**JENNIFER SAAD, Warden,**

      **Respondent.**

**<u>REPORT AND RECOMMENDATION</u>**

**I. <u>Procedural Background</u>**

On August 16, 2017, the *pro se* Petitioner, Richard Lee Bates ("Bates") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion to proceed *in forma pauperis* ("IFP") and a blank, unsigned copy of his Prisoner Trust Account Report ("PTAR") without its Ledger Sheets attached. ECF No. 1, 2, 3. The Clerk of Court issued a Notice of Deficient Pleading, directing Bates to refile a completed copy of his PTAR with the Ledger Sheets.  ECF No. 5. Bates corrected his deficient pleadings on August 29, 2017.  ECF No. 7. On August 30, 2017, Bates was granted leave to proceed IFP but directed to pay the $5.00 filing fee. ECF No. 8. Bates paid the requisite fee on September 18, 2017. ECF No. 10. On April 3, 2018, 2017, after a preliminary review determined that summary dismissal was not appropriate, the Respondent was ordered to show cause why the petition should not be granted. ECF No. 11.

On April 27, 2018, the Respondent filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment, with an attached memorandum in support. ECF No. 13. On May 1, 2018, a <u>Roseboro</u> notice was issued [ECF No. 14]; on May 11, 2018, Bates moved for an

extension of time.  ECF No. 16.  By Order entered May 14, 2018, the extension was granted. ECF No. 7.  On June 7, 2018, Bates filed his response in opposition. ECF No. 19.

## II. Background Facts

On November 13, 2011, Bates was arrested by the Henry County Sheriff's Department in Martinsville, Virginia, and charged with Possession of a Firearm and Ammunition by a Felon in Case Nos. CR12000101-00 and CR12000102-00.[1]

On November 15, 2011, a federal writ of *habeas corpus ad prosequendum* was issued in Criminal Action Number 4:11cr32 in the United States District Court for the Western District of Virginia. See Writ, ECF No. 13-3 at 1 – 2.  That same day, Bates was borrowed from Commonwealth of Virginia authorities pursuant to the federal writ of *habeas corpus ad prosequendum* to appear in the United States District Court for the Western District of Virginia in Case Number 4:11cr32.   See United States Marshals ("USM")-129 Individual Custody/Detention Report, id. at 3.

On March 5, 2012, in United States District Court for the Western District of Virginia Case No. 4:11cr32, Bates entered pleas to Count Three, Distribution of Oxycodone, in violation of 21 U.S.C. § 841(a)(1) and Count Four, Possession of a Firearm During and in Relation to a Drug Trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). See United States v. Bates, W.D. Va. Case No. 4:11cr32, ECF No. 30. On May 31, 2012, the United States District Court for the Western District of Virginia sentenced Bates in Count Three to a 46-month term of imprisonment and a consecutive 60-month term of imprisonment in Count Four, for a total term of 106 months imprisonment. See Judgment in a Criminal Case. Id. at 5.

---

[1] This information is contained in Bates' Presentence Investigation Report ("PSR"). See Declaration of Bryan Erickson, BOP Correctional Programs Specialist, Designation and Sentence Computation Center ("DSCC") ("Erickson Decl."), ECF No. 13-2, ¶ 5 at 2.

On June 6, 2012, Bates was returned to Commonwealth of Virginia authorities via return writ and the federal judgment was placed as a detainer. See USM-129 Individual Custody/Detention Report, id. at 3.

On July 26, 2012, a sentencing order was entered in Case Nos. CR12000101-00 and CR12000102-00 in the Circuit Court of Henry County, Virginia, sentencing Bates to a 10-year term of imprisonment with 5-years suspended, and with credit for time spent in confinement awaiting trial. See Commonwealth of Virginia Sentencing Order, id. at 11 - 12.  The Sentencing Order specified that "[t]hese sentences shall run consecutively with any other sentence." Id.  at 11.

Virginia Department of Corrections ("DOC") records indicate that Bates' 5-year term of imprisonment began on August 30, 2012, with credit for time spent in custody from November 13, 2011, the date of his state arrest, through August 30, 2012, the date his state sentence began.  See Virginia DOC Summary, id. at 13.

On March 9, 2016, Bates was released from his state sentence to the exclusive custody of the United States Marshals Service ("USMS") to begin serving his federal sentence.  See USM-129 Individual Custody/Detention Report [id. at 3]; Commonwealth of Virginia March 7, 2016 Letter to USMS. Id. at 14.

On May 16, 2016, the United States District Court for the Western District of Virginia issued an Order reducing Bates' federal sentence pursuant to the amended drug sentencing guidelines to a total term of imprisonment of 97 months, consisting of a 37 month term on Count Three and a consecutive 60 month term on Count Four. See Order Regarding Motion for Sentence Reduction. Id. at 15.

On June 16, 2016, the BOP sent a letter to Bates' federal sentencing court to determine its position regarding a retroactive (*nunc pro tunc*) designation with respect to Count 3 of the indictment.[2] See June 16, 2016 BOP Letter to Sentencing Court, ECF No. 13-3 at 16.

On June 30, 2016, Bates' federal sentencing court responded to the BOP's letter, indicating that it had no objection to having Bates' federal sentence run concurrent with his state sentence. See June 30, 2016 Letter from Sentencing Court. Id. at 18.

On July 1, 2016, based on a review of the five factors outlined in 18 U.S.C. § 3621(b), the BOP determined that a *nunc pro tunc* designation was appropriate, insofar as it related to Count Three of Bates' federal sentence, Distribution of Oxycodone. See Factors Worksheet, id. at 19.

In order to calculate Bates' sentence, the BOP had to determine what day his concurrent 37 month term of imprisonment would commence, so that it would conclude the day prior to the date the state sentence was satisfied. See Erickson Decl., ECF No. 13-2, ¶ 17 at 3.

Because information from the Virginia DOC indicated that Bates' state sentence ended on March 9, 2016, it was determined that a 37-month term of imprisonment commencing on July 1, 2013 would be satisfied on March 8, 2016, the day prior to the state sentence's satisfaction date. See Independent Sentence Computation, ECF No. 13-3 at 20. This calculation permits Bates' 37 month term to run concurrent with his state sentence while also allowing for the 60 month consecutive portion of Bates' sentence to commence on the actual

---

[2] By statute, Petitioner's federal sentence, imposed in Count 4 for Possession of a Firearm During and in Relation to a Drug Trafficking Offense, in violation of Title 18 U.S.C. § 924(c), was required to run consecutive to any other term of imprisonment. See 18 U.S.C. § 924(c)(1)(D)(ii)("no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person . . .").

release date of the state sentence, therefore, operating consecutively, as required by the federal statute. See Erickson Decl., ECF No. 13-2, ¶ 18 at 3 – 4, and Public Information Inmate Data, ECF No. 13-3 at 24.

Accordingly, the BOP prepared a sentence computation for Bates, based on a 97-month term of imprisonment commencing on July 1, 2013. No prior custody credit was awarded to Bates' federal sentence, because all time spent in pre-trial custody had already been awarded to the state sentence. Bates' current projected release date, when he will finish serving his federal sentence, with consideration for good conduct time, is August 9, 2020. See Public Information Inmate Data. Id. at 21.

### III. The Pleadings

#### A. The Petition

The petition raises a single issue. Bates contends that he has not been granted full credit to his federal sentence for the time he spent in a Virginia prison before being sentenced on his present charges, only a partial credit of 31 months, leaving an additional 23 months to be credited.  ECF No. 1 at 5.

Bates asserts that he presented his claim to the Bureau of Prisons ("BOP") via the administrative exhaustion process, where it was "partially granted, partially denied." Id. at 8.

As relief, Bates seeks to have the BOP correct his sentence computation by crediting the extra 23 months to his federal sentence. Id.

#### B. Respondent's Motion to Dismiss or Alternatively, Motion for Summary Judgment

Respondent argues that the petition should be dismissed or summary judgment granted in its favor, because Bates is not entitled to any prior custody credit since all of the time he spent in

custody before beginning his federal sentence has already been credited against his state sentence. ECF No. 13-1 at 5 – 6.

## C. Petitioner's Response in Opposition

In his reply, Bates acknowledges that upon further review, he now realizes he overlooked the "statu[t]e madate [sic] for the 924(c)" conviction, which states "[t]o not be ran [sic] concurrently with any other sentence." Therefore, he now contends that "only 6 months are to be awarded to my sentence." ECF No. 19 at 1. Accordingly, he concludes that by subtracting 31 months from 97 month, 66 months are left, leaving 60 months for 924(c) status, "as well as 6 months that should be awarded to my sentence." Id.

## IV. Standard of Review

## A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure require "only 'a short and plain statement the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule

that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of fact in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45 - 46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 32 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

## B. Motion for Summary Judgment

The Supreme Court has recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977); see also Maynard v. Dixon, 943 F. 407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a);

United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party because

it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v.

FDIC, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of

evidence" favoring the nonmoving party will not prevent the entry of summary judgment.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Any permissible inferences to be drawn

from the underlying facts must be viewed in the light most favorable to the party opposing the

motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where,

however, the record taken as a whole could not lead a rational trier of fact to find for the non-

moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

## V.  Analysis

A federal sentence commences "on the date the defendant is received in custody awaiting

transportation to, or arrives voluntarily to commence service of sentence at, the official detention

facility in which the sentence is to be served." 18 U.S.C. § 3585(a). When, as here, when a

prisoner faces both state and federal charges, the term "received in custody" is particularly

important. In such instances, the concept of primary jurisdiction applies. Primary jurisdiction is

explained in United States v. Smith:

> In the context of successive criminal prosecutions by different sovereignties this
> "chief rule which preserves our two systems of courts from actual conflict of
> jurisdiction" means that the sovereignty which first arrests the individual acquires
> the right to prior exclusive jurisdiction  over him,...and this plenary jurisdiction is
> not exhausted until there has been complete compliance with the terms of, and
> service of any sentence imposed by, the judgment of conviction entered against
> the individual by the courts of that first sovereignty . . .

United States v. Smith, 812 F.Supp. 368, 371 (E.D.N.Y. 1993) (quoting In re Liberatore, 574 F.2d 78 (2nd Cir. 1978)).

Primary jurisdiction remains vested in a sovereign until that sovereign relinquishes its primary jurisdiction through dismissal of the charges, bail release, parole release, or satisfaction of the sentence. See Coles v. DeBoo, No. 2:10cv70, 2010 WL 3767113 (N.D. W.Va. September 27, 2010; Chambers v. Holland, 920 F.Supp. 618, 622 (M.D. Pa. 1998) aff'd, 100 F.3d 946 (3rd Cir. 1996) citing United States v. Warren, 610 F.2d 680, 684-85- (9th Cir. 1 980)("Primary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of the sentence."). The mere fact that a state prisoner is in federal court pursuant to a federal writ of habeas corpus ad prosequendum does not mean that the prisoner's federal sentence has commenced. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." Id. at 912. See also Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992)("A prisoner is not even in custody for purposes of section 3568[3] when he appears in federal court pursuant to a writ ad prosequendum; he is merely 'on loan' to federal authorities.").

The Bureau of Prisons, on behalf of the Attorney General, is responsible for calculating federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). The BOP must follow 18 U.S.C. § 3585(b) when calculating sentences:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence

---

[3] In computation of any federal sentence, two separate decisions must be made: when the federal sentence commences and to what extent the defendant can receive credit for time spent in custody prior to commencement of sentence. For offenses committed prior to November 1, 1987, each of these decisions is governed by repealed 18 U.S.C. § 3568, which specifies that the Attorney General is responsible for sentence computation decisions. For offenses committed on or after November 1, 1987, commencement of federal sentence is governed by 18 U.S.C. § 3585(a), and prior custody credit is governed by 18 U.S.C. § 3585(b).

commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence**.

18 U.S.C. § 3585(b) (emphasis added).

In <u>Wilson</u>, the Supreme Court held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." 503 U.S. 329 at 337. Thus, prior custody credit cannot be awarded to a prisoner if the prisoner has already received credit towards another sentence. <u>See</u> <u>United States v. Brown</u>, 977 F.2d 574, 1992 WL 237275, at *1 (4th Cir. Sept. 25, 1992) (Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); <u>United States v.  Goulden</u>, 54 F.3d 774, 1995 WL 298086 (4th Cir. May 17, 1995) (credit is only available for time spent in custody which has not been credited against another sentence).

Here, the Respondent contends that Petitioner is not entitled to any prior custody credit because all the credit he was entitled to has already been awarded against his state sentence. In his response in opposition, after conceding that he is not entitled to 23 months prior custody credit after all, because he overlooked the fact that his § 924(c) conviction mandated a consecutive sentence, Petitioner now contends that he is only entitled to 6 months, rather than the 23 months prior custody credits he originally claimed he was due. ECF No. 19 at 1.

However, it appears that Petitioner still misunderstands. As previously noted, because Petitioner was originally arrested by Virginia State authorities, his primary custody remained with the State of Virginia, even though Petitioner was released to federal authorities on the writ shortly after being arrested by Virginia State authorities. Even though Petitioner was actually sentenced on his federal charges before he was sentenced on his State charges, because primary

10

custody remained with the State of Virginia, Petitioner's federal judgment was placed as a detainer on his state sentence (which had yet to be imposed) and he did not begin serving the federal sentence until his state sentence was completed.  Therefore, on July 26, 2012, when Petitioner was sentenced by the Circuit Court of Henry County, Virginia, to a 10-year term of imprisonment with 5-years suspended, he was credited for the 291 days (approximately 9.7 months) of time spent in confinement from November 13, 2011, the date of his state arrest, through August 30, 2012, the date his state sentence began, giving him a release date of March 9, 2016. Because all of that time was already credited against his state sentence, Petitioner is not entitled to have those 291 days credited against his federal sentence.

Petitioner's federal sentence was imposed on May 31, 2012. The current sentence imposed by the Western District of Virginia that Petitioner is presently serving, since his motion for sentence reduction was granted on May 16, 2016, is for 97 months. However, because he had already received prior custody credit from November 13, 2011, the date of his State arrest, through August 30, 2012, the date his State sentence began [ECF No. 13-3 at 13], the time Petitioner spent in federal custody on the writ from November 15, 2011 until June 6, 2012, during the pendency of his federal case was included in the time credited against his state sentence. See ECF No. 13-3 at 13, 14. Therefore, by the time he began serving his federal sentence on March 9, 2016, after completing his State sentence, he had already received credit for all the prior custody credit to which he was entitled, and his petition fails to state a claim for relief.

## VI. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss or in the Alternative, Motion for Summary Judgment [ECF No. 13] be

**GRANTED** and that Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **ECF N 1** be **DENIED** and **dismissed with prejudice.**

Any party may, **within fourteen (14) days** after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.** 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested.

Furthermore, upon entry of this Report and Recommendation, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: October 24, 2018

/s/   *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE