# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICHARD LEE BATES,**

    **Petitioner,**

**v.**                                  **CIVIL ACTION No. 1:17cv143**
                                      **CRIMINAL ACTION No. 4:11cr32**
                                            **(Judge Keeley)**

**JENNIFER SAAD,**

    **Respondent.**

## MEMORANDUM OPINION AND ORDER REJECTING REPORT AND RECOMMENDATION [DKT NO. 20], DENYING RESPONDENT'S MOTION TO DISMISS OR MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], AND GRANTING IN PART PETITIONER'S § 2241 PETITION [DKT. NO. 1]

On August 16, 2017, the petitioner, Richard Lee Bates ("Bates"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1). In his petition, he alleges that, following its decision to grant in part his request for a nunc pro tunc[1] designation, the Federal Bureau of Prisons ("BOP") miscalculated his credit for time spent in state prison. Id. After the respondent, Jennifer Saad ("Saad"), filed a motion to dismiss or, in the alternative, motion for summary judgment (Dkt. No. 13), the Honorable Michael J. Aloi, United States Magistrate Judge, issued a Report and Recommendation ("R&R"), recommending that the Court grant Saad's motion and dismiss Bates's petition (Dkt.

---

[1] Here, nunc pro tunc refers to the BOP's exclusive power, under 18 U.S.C. § 3621(b), to retroactively designate a state facility as the official place of imprisonment for a federal prisoner who has served time in state custody. See Jefferson v. Berkebile, 688 F. Supp. 2d 474, 487 (S.D. W. Va. 2010).

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION
[DKT NO. 20], DENYING RESPONDENT'S MOTION TO
DISMISS OR MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], AND
GRANTING IN PART PETITIONER'S § 2241 PETITION [DKT. NO. 1]**

No. 20).

Following de novo review of the R&R,[2] the Court concludes that the BOP abused its discretion by selecting July 1, 2013, as the retroactive start date for Bates's federal sentence. Accordingly, it **DENIES** Saad's motion (Dkt. No. 13), and **GRANTS IN PART** Bates's § 2241 Petition (Dkt. No. 1).

## I. BACKGROUND

**A.    Factual Background**[3]

In November 2011, in Martinsville, Virginia, the Henry County Sheriff's Office arrested Bates and charged him with possession of a firearm and ammunition by a felon in the Commonwealth of Virginia (Dkt. No. 20). After a federal grand jury named Bates in a six-count indictment, Virginia loaned him to the United States District Court for the Western District of Virginia pursuant to a Writ of Habeas Corpus Ad Prosequendum (Dkt. No. 13-3 at 1-2).

---

[2] Bates's timely objections are sufficiently specific to warrant de novo review. See 28 U.S.C. § 636(b)(1)(B)(2012)("A judge of the court shall make a de novo determination of those powers of the report or specified proposed findings or recommendations to which objection is made.").

[3] The Addendum of Relevant Dates attached to this memorandum opinion and order sets forth a chronology of the relevant dates discussed by the Court.

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION
[DKT NO. 20], DENYING RESPONDENT'S MOTION TO
DISMISS OR MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], AND
GRANTING IN PART PETITIONER'S § 2241 PETITION [DKT. NO. 1]**

Pursuant to a plea agreement, Bates pleaded guilty to Counts Three and Four of the six-count federal indictment, charging him with distribution of oxycodone, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (Dkt. No. 13-3 at 5). He received a sentence of 46 months of imprisonment on Count 3, and a consecutive sentence of 60 months of imprisonment on Count 4, for a total sentence of 106 months. Id. at 6.

The Western District of Virginia returned Bates to the custody of Virginia and lodged the federal judgment as a detainer. The Henry Circuit Court, in Henry County, Virginia, sentenced Bates to a 10-year term of imprisonment, with 5 years suspended and credit for time served in pretrial custody (Dkt. No. 13-3 at 11-12). Notably, the time Bates served in pretrial custody ran from November 13, 2011 (the date of his arrest), until August 30, 2012 (the day his state sentence officially commenced), for a total of 291 days. Id. at 13. When Bates completed his state sentence on March 9, 2016, Virginia transferred him to the custody of the

**BATES V. SAAD**                                              1:17cv143

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION
[DKT NO. 20], DENYING RESPONDENT'S MOTION TO
DISMISS OR MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], AND
GRANTING IN PART PETITIONER'S § 2241 PETITION [DKT. NO. 1]**

United States Marshals Service to begin serving his federal sentence of 106 months. Id. at 14.

In May 2016, while serving his federal sentence, Bates sought a two level reduction of his 46-month sentence for distribution of oxycodone pursuant to the newly enacted, so-called "Drugs Minus Two" law, 28 U.S.C. § 994(u). Id. at 15. The Western District of Virginia granted Bates's motion and reduced his term of imprisonment on Count 3 from 46 to 37 months, effectively reducing his total federal sentence from 106 to 97 months. Id.

In June 2016, the BOP sent a letter to his federal sentencing court inquiring whether it would oppose a potential nunc pro tunc designation of Bates's sentence as to Count 3. Id. at 16-17. The court interposed no objection, and the BOP, utilizing the five factors outlined in 18 U.S.C. § 3621(b), concluded that a nunc pro tunc designation was appropriate "insofar as it related to Count 3" (Dkt. Nos. 13-2 at 3; 13-3 at 18-19; 20).

To effectuate the nunc pro tunc designation, the BOP selected a retroactive start date for Bates's 37-month sentence on Count 3 that would allow his federal sentence to run partially concurrent to his state sentence (Dkt. No. 13-2 at 3). According to the BOP's

**BATES V. SAAD**                                                          1:17cv143

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION
[DKT NO. 20], DENYING RESPONDENT'S MOTION TO
DISMISS OR MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], AND
GRANTING IN PART PETITIONER'S § 2241 PETITION [DKT. NO. 1]**

calculation, Bates would have satisfied his 37 months on Count 3 on March 8, 2016, the day before Virginia released him to federal custody to begin serving his federal sentence. Id. Based on this, the BOP contends that Bates began serving his consecutive 60-month sentence on Count 4 on March 9, 2016. Id.

Whether the BOP correctly determined that "a 37-month term of imprisonment commencing on July 1, 2013 would be satisfied on March 8, 2016, the day prior to the state sentence's satisfaction date," id., is, as Bates has aptly pointed out in his memorandum, "the crux of the matter" (Dkt. No. 22). Notably, the span of time between July 1, 2013, and March 8, 2016, is not 37 months, but only 32 months and 8 days.

**B.   Procedural Background**

Saad's motion argues that Bates is not entitled to any additional credit for time spent in state custody because all of the time he spent in pretrial custody has already been credited against his state sentence (Dkt. Nos. 13, 13-1 at 5-6).

Bates concedes that he cannot receive credit for any time spent in state custody against his 60-month sentence on Count 4 because, under § 924(c)(1)(A), that sentence must be served

**BATES V. SAAD**                                                     1:17cv143

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION
[DKT NO. 20], DENYING RESPONDENT'S MOTION TO
DISMISS OR MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], AND
GRANTING IN PART PETITIONER'S § 2241 PETITION [DKT. NO. 1]**

consecutively to any other sentence (Dkt. No. 19). But he insists that, when the BOP granted his nunc pro tunc request, it erroneously credited him with only 31 months in state custody. Id. According to his reasoning, by subtracting 31 months from 97 months (his total federal sentence), 66 months, or 6 months more than the 60-month sentence on Count 4, remain, and the BOP therefore must credit him with an additional 6 months of time served on his 37-month sentence for Count 3. Id. Tellingly, Saad has never responded to this argument, whether in her motion to dismiss or supporting brief. Nor has she filed a reply brief justifying the BOP's calculations.

In October 2018, Magistrate Judge Aloi issued a R&R, recommending that the Court grant Saad's motion and deny Bates's § 2241 petition (Dkt. No. 20). The R&R adopted the BOP's argument that Bates was not entitled to six additional months of credit against his federal sentence because all of the time he spent in pretrial custody (from November 13, 2011, the date of his arrest, to August 30, 2012, the day his state sentence officially commenced) was credited against his state sentence. Id. at 10-11. The R&R, however, failed to explain how a 37-month sentence

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION
[DKT NO. 20], DENYING RESPONDENT'S MOTION TO
DISMISS OR MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], AND
GRANTING IN PART PETITIONER'S § 2241 PETITION [DKT. NO. 1]**

beginning on July 1, 2013, could be "satisfied" 32 months and 8 days later on March 8, 2016. Nor did it explain how Bates could have received pretrial credit for the time he spent in state custody through July 1, 2013, in as much as, at that time, he was no longer in pretrial custody, which had ended on August 30, 2012.

After reviewing the record, the Court directed Saad to provide Bates's projected release date (without good conduct time), as well as the amount of good conduct time Bates had earned to date (Dkt. No. 23). In her submission, Saad calculated that, as of February 11, 2019, Bates's projected release date, without good conduct time, would be July 31, 2021 (Dkt. No. 24). With the 270 days of good conduct time Bates had accumulated to date, and the potential to earn a total of 380 days of good conduct time, Bates could be released, at the earliest, on or about July 16, 2020. Id.

## II. STANDARD OF REVIEW

When considering a magistrate judge's R&R pursuant to 28 U.S.C. § 636(b)(1), the Court must review de novo those portions to which objection is timely made. Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the [petitioner] does not object." Dellacirprete v.

**BATES V. SAAD**                                                              **1:17cv143**

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION
[DKT NO. 20], DENYING RESPONDENT'S MOTION TO
DISMISS OR MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], AND
GRANTING IN PART PETITIONER'S § 2241 PETITION [DKT. NO. 1]**

Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D. W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

### III. APPLICABLE LAW

The BOP "typically enjoys broad discretion in analyzing nunc pro tunc requests in the first instance." Mangum v. Hallembaek, 910 F.3d 770, 779 (4th Cir. 2018). Nevertheless, courts maintain the authority to review the BOP's ultimate decision to grant or deny a nunc pro tunc request. Mangum v. Hallembaek, 824 F.3d 98, 103 (4th Cir. 2016). Likewise, when the BOP grants a prisoner's nunc pro tunc request, courts have the authority under § 2241 to review its computation of the sentence. See Rickman v. Maye, 196 F. Supp. 3d 1197, 1200-02 (D. Kan. 2016) (reviewing prisoner's claim "that the BOP, to the extent it granted his request for a retroactive concurrent designation, erred when it calculated the start and release dates for his federal sentence"); cf. Atkins v. Garcia, 816 F. Supp. 2d 1108, 1110 (D. Col. 2011) ("'A motion pursuant to § 2241 generally . . . [includes] such matters as the administration

8

**BATES V. SAAD**                                                    **1:17cv143**

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION
[DKT NO. 20], DENYING RESPONDENT'S MOTION TO
DISMISS OR MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], AND
GRANTING IN PART PETITIONER'S § 2241 PETITION [DKT. NO. 1]**

of parole, <u>computation of a prisoner's sentence by prison officials</u>, prison disciplinary actions, prison transfers, type of detention and prison conditions.'" (emphasis added) (alteration in original) (quotation omitted)).

Because the BOP is an administrative agency, the Court must determine which deferential standard to apply to the BOP's determination that July 1, 2013, is the correct retroactive start date for Bates's federal sentence. See Hogge v. Wilson, 648 Fed. App'x 327, 330 (4th Cir. 2016) (noting that the BOP's interpretations are not always entitled to Chevron deference). This determination depends on what manual, program statement, regulation, or statute was used to choose Bates's retroactive start date.[4] Although the BOP did not include this information in the record,[5] the Court concludes that the BOP's decision fails to

---

[4] If the BOP's determination was based on its interpretation of a statute, its determination may be entitled to Chevron deference. Hogge, 648 Fed. App'x at 330. But if its determination was based on its interpretation of a BOP program statement, its determination would only be entitled to Skidmore deference, which requires courts only to defer to the BOP "to the extent it has the 'power to persuade.'" Id. (quoting Knox Creek Coal Corp. v. Sec'y of Labor, Mine Safety & Health Admin., 811 F.3d 148, 160 (4th Cir. 2016) (quoting Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944))). In Hogge, the Fourth Circuit applied Skidmore deference to the BOP's calculation of a prisoner's release date under BOP Program Statement 5880.28. 648 Fed. App'x at 330.

[5] Although the BOP likely interpreted a BOP program statement when it selected July 1, 2013, as the retroactive start of Bates's federal, nothing in the record identifies which program statement was used, if any. Accordingly,

**BATES V. SAAD**                                                     **1:17cv143**

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION
[DKT NO. 20], DENYING RESPONDENT'S MOTION TO
DISMISS OR MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], AND
GRANTING IN PART PETITIONER'S § 2241 PETITION [DKT. NO. 1]**

persuade under any deferential standard because the BOP clearly abused its discretion when it selected July 1, 2013, as the start of Bates's 37-month term of imprisonment.

## IV. DISCUSSION

Contrary to both Saad's argument and the R&R's conclusion, Bates received no credit for time spent in pretrial custody through July 1, 2013. This is because he was only in pretrial custody from November 13, 2011, the date of his arrest, through August 30, 2012, the day his state sentence officially commenced (Dkt. 13-3 at 13). Because Bates was no longer in pretrial custody on August 30, 2012, the BOP was free to select a date prior to July 1, 2013 to retroactively calculate the beginning of his 37-month sentence on Count 3.

The accuracy of the BOP's selection of July 1, 2013, as the retroactive start date is undermined by its own reasoning. According to the BOP, its stated goal was to select a retroactive start date that would assure that Bates's 37-month sentence on Count 3 "would be satisfied on March 8, 2016," the day before being released to federal custody (Dkt. No. 13-2 at 3). Indeed, the BOP

---

the Court cannot definitively conclude which deferential standard applies here.

**BATES V. SAAD**                                                    **1:17cv143**

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION
[DKT NO. 20], DENYING RESPONDENT'S MOTION TO
DISMISS OR MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], AND
GRANTING IN PART PETITIONER'S § 2241 PETITION [DKT. NO. 1]**

explained that "[t]his calculation would allow [Bates]'s 37-month term to run concurrent with his state sentence while also allowing for [Bates]'s 60-month consecutive portion of the sentence to commence on the actual release date of the state sentence . . . ." Id. at 3-4.

Notably, there are not 37 months between July 1, 2013, and March 8, 2016, but only 32 months and 8 days. Neither Saad's memorandum nor the R&R attempts to explain how Bates's 37-month sentence could have been satisfied in 32 months and 8 days (Dkt. Nos. 13-1, 20).

The BOP's decision to select July 1, 2013, as the retroactive start date also is contradicted by the additional information regarding Bates's projected release date, both with and without good conduct time, submitted by Saad (Dkt. No. 23). Although Saad claims that a retroactive start date of Bates's federal sentence on July 1, 2013, satisfied his 37-month sentence on March 8, 2016, and allowed his 60-month sentence to begin on March 9, 2016 (Dkt. No. 13-2 at 3-4), Bates's projected release date, without good conduct time, is July 31, 2021 (Dkt. No. 24), which is <u>64-plus months</u>

11

**BATES V. SAAD**                                          1:17cv143

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION
[DKT NO. 20], DENYING RESPONDENT'S MOTION TO
DISMISS OR MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], AND
GRANTING IN PART PETITIONER'S § 2241 PETITION [DKT. NO. 1]**

later. Critically, a 60-month sentence beginning on March 9, 2016, should be satisfied, at the latest, on March 8, 2021.

The foregoing establishes that the BOP abused its discretion when, after granting Bates's nunc pro tunc request, it selected July 1, 2013, as the retroactive start date for his sentence on Count 3. That calculation effectively extends Bates's total 60-month term of imprisonment by four-plus months, and thus constitutes a miscarriage of justice well within the Court's power to correct. See Taylor v. Warden Allendale Corr. Inst., No. 0:14-2032-TMC, 2015 WL 1730813, at *2 (D.S.C. Apr. 14, 2015) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the . . . duration of his custody.").

### IV. CONCLUSION

For the reasons discussed, the Court **REJECTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 20), **DENIES** Saad's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Dkt. No. 13), and **GRANTS IN PART** Bates's 28 U.S.C. § 2241 petition (Dkt. No. 1). Accordingly, it **ORDERS** as follows:

>    (1)   The BOP shall recalculate the retroactive start date of Bates's 37-month federal sentence, so that

**BATES V. SAAD**                                                   1:17cv143

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION
[DKT NO. 20], DENYING RESPONDENT'S MOTION TO
DISMISS OR MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], AND
GRANTING IN PART PETITIONER'S § 2241 PETITION [DKT. NO. 1]**

it commences on or before February 8, 2013, and concludes on or before March 8, 2016; and

(2)  The BOP shall recalculate the start date of Bates's 60-month sentence, so that it commences on March 9, 2016, and concludes on or before March 8, 2021.

The Clerk is directed to mail a copy of this Order to Bates by certified mail, return receipt requested, and to counsel of record and all appropriate agencies by electronic means.

DATED: March 26, 2019

                              /s/ Irene M. Keeley
                              IRENE M. KEELEY
                              UNITED STATES DISTRICT JUDGE

## ADDENDUM

**CHRONOLOGY OF RELEVANT DATES**

| | |
|---|---|
| November 13, 2011: | Bates arrested by the Henry County Sheriff's Office, beginning his time spent in pretrial custody; |
| August 30, 2012: | Bates commences his state sentence, ending his time spent in pretrial custody; |
| July 1, 2013: | Bates retroactively starts his federal sentence of 37 months on Count 3; |
| March 8, 2016: | Bates ostensibly satisfies his retroactive 37-month sentence on Count 3; |
| March 9, 2016: | Bates satisfies his state sentence and is transferred into federal custody to begin his consecutive, 60-month sentence on Count 4; and |
| July 13, 2021: | The date Bates is projected to be released without good conduct time (the latest date he could be released). |