IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICHARD LEE BATES,**

    **Petitioner,**

**v.**                        **CIVIL ACTION No. 1:17cv143**
                                      **(Judge Keeley)**

**JENNIFER SAAD,**

    **Respondent.**

## MEMORANDUM OPINION AND ORDER DENYING RESPONDENT'S MOTION FOR RECONSIDERATION [DKT. NO. 29]

On April 15, 2019, the respondent, Jennifer Saad ("Saad"), moved the Court to reconsider its March 26, 2019 Memorandum Opinion and Order, granting in part the Petitioner's § 2241 petition, pursuant to Federal Rule of Civil Procedure Rule 60(b) (Dkt. No. 26). For the reasons that follow, the Court **DENIES** Saad's motion (Dkt. No. 29).

### I. BACKGROUND

**A.**    **Factual Background**[1]

On May 31, 2012, the United States District Court for the Western District of Virginia sentenced the petitioner, Richard Lee Bates ("Bates"), to 46 months of imprisonment for distribution of Oxycodone, in violation of 21 U.S.C. § 841(a)(1) (Count 3), and 60 months of imprisonment for possession of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C.

---

[1] A more detailed recitation of the facts is available in the Court's prior opinion (Dkt. No. 26).

§ 924(c)(1) (Count 4), for a total term of 106 months (Dkt. No. 13-2 at 2-3). In July 2012, the Henry Circuit Court, in Henry County, Virginia, sentenced Bates to 10 years of imprisonment with 5 years suspended, which he began serving on August 30, 2012. Id. at 3. When Bates completed his state sentence on March 9, 2016, he was transferred to the custody of the United States Marshals Service to begin serving his federal sentence of 106 months (Dkt. No. 13-3 at 14).

In May 2016, Bates sought a two-level reduction of his sentence for distribution of Oxycodone (Count 3) pursuant to 28 U.S.C. § 994(u). Id. at 15. The Western District of Virginia granted Bates's motion and reduced his total term of imprisonment from 106 to 97 months (37 months on Count 3 and 60 months on Count 4). Id.

In June 2016, the Federal Bureau of Prisons ("BOP") granted Bates's request for a nunc pro tunc designation as to Count 3. Id. at 16-18. To effectuate the nunc pro tunc designation, the BOP selected a retroactive start date for Bates's federal sentence so that his 37-month sentence on Count 3 would run concurrently with his previously-served state sentence and his 60-month sentence on Count 4—which had to be served consecutively to any other sentence—would begin on March 9, 2016, the day he was transferred

in to federal custody (Dkt. No. 13-2 at 3).

According to the BOP's calculation, Bates would begin his 37-month sentence on July 1, 2013, and satisfy it on March 8, 2016, the day before being released to federal custody to begin serving his 60-month sentence on Count 4. Id. Accordingly, the BOP has contended here that Bates would satisfy his 60-month sentence on July 13, 2021—more than 64 months later—less good conduct time ("GCT") (Dkt. No. 13-3 at 23).

**B.    Procedural Background**

On August 16, 2017, Bates filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he alleged that, after his nunc pro tunc designation was granted, the BOP miscalculated his credit for time spent in state prison (Dkt. No. 1). In response, Saad filed a motion to dismiss or, in the alternative, for summary judgment (Dkt. No. 13). On October 24, 2018, the Honorable Michael J. Aloi, United States Magistrate Judge, issued a Report and Recommendation ("R&R"), recommending that the Court grant Saad's motion and dismiss Bates's petition (Dkt. No. 20).

On March 26, 2019, the Court rejected the R&R, denied Saad's motion, granted in part Bates's § 2241 petition, and directed the BOP to recalculate both the retroactive start and end dates of Bates's federal sentence (Dkt. No. 26). This Court's decision was

based on the conclusion that "the BOP's decision fail[ed] to persuade under any deferential standard because the BOP clearly abused its discretion when it selected July 1, 2013, as the retroactive start of Bates's 37-month term of imprisonment." Id. at 9-10. In support, the Court explained that, by selecting July 1, 2013 as the retroactive start date for his sentence on Count 3, the BOP had effectively extended Bates's total 60-month term of imprisonment by 4-plus months. Id. at 10-12.

When Saad filed her timely motion for reconsideration (Dkt. No. 29), she included a previously unproferred explanation of how the BOP calculates the start and end dates of federal sentences (Dkt. No. 29-1), and asserted that the correct end date for Bates's federal sentence is July 31, 2021, less GCT (Dkt. No. 29 at 5).

## II. APPLICABLE LAW

Under Federal Rule of Civil Procedure 60(b), courts may relieve a party from a final judgment, order, or proceeding for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied,

4

> released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A motion to reconsider may be appropriate where "the Court has patently misunderstood a party . . . or has made an error <u>not of reasoning but of apprehension</u>. . . . Such problems rarely arise and the motion to reconsider should be equally rare." <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983) (emphasis added). A motion to reconsider is improper when the movant "use[s] the motion . . . to ask the Court to rethink what the Court had already thought through—rightly or wrongly." <u>Id.</u> In addition, a movant under Rule 60(b) must "have a meritorious claim or defense and the opposing party must not be unfairly prejudiced by having the judgment set aside." <u>Aikens v. Ingram</u>, 652 F.3d 496, 501 (4th Cir. 2011).

### III. DISCUSSION

Here, Saad contends that the BOP correctly calculated Bates's federal sentence after exercising its statutory authority under 18 U.S.C. § 3621(b) to grant his <u>nunc pro tunc</u> request (Dkt. No. 29). In support, she included, for the first time, a detailed breakdown and explanation of how the BOP makes its calculation, which, she

insists, is consistent with BOP Program Statement ("P.S.") 5880.28 (Dkt. Nos. 29 at 4-5) and entitled to Chevron deference (Dkt. No. 29 at 3). This claim fails for three reasons.

First, Saad effectively asks the Court to "rethink what [it] ha[s] already thought through—rightly or wrongly." Above the Belt, Inc., 99 F.R.D. at 101. Indeed, she does not contend that the Court misunderstood or misapprehended the BOP's calculation (Dkt. No. 29), but rather insists that the calculation is correct or, at the very least, reasonable and entitled to Chevron deference. Id. These arguments are not new and were plainly rejected by the Court's March 26, 2019 Memorandum Opinion and Order, where it specifically concluded that the BOP's calculation failed to persuade under any deferential standard, including Chevron deference, because the BOP had abused its discretion by selecting July 1, 2013, as the start of Bates's 37-month term of imprisonment (Dkt. No. 26 at 9-10). As the memorandum opinion explained, this calculation was erroneous because it effectively extended Bates's consecutive 60-month sentence by 4-plus months. Id. at 11-12.

Second, Saad does not have a meritorious claim or defense. Aikens, 652 F.3d at 501 (stating that a movant under Rule 60(b) must "have a meritorious claim or defense"). Based on her motion for reconsideration, it is now clear that the BOP's calculation is

6

based on its interpretation of P.S. 5880.28, not a federal statute or regulation (Dkt. No. 29-1). Therefore, its calculation is not entitled to Chevron or Auer deference. See Hogge v. Wilson 648 F. App'x. 327, 330 (4th Cir. 2016) (noting that the BOP's interpretations of its own program statements are entitled only to Skidmore—not Chevron—deference); see also Tablada v. Thomas, 533 F.3d 800, 806 (9th Cir. 2008) (holding that P.S. 5880.28 is not entitled to Chevron deference because it "does not purport to carry the force of law and was not adopted after notice and comment").

Skidmore deference requires courts only to defer to the BOP's interpretation "to the extent it has the 'power to persuade.'" Hogge, 648 Fed. App'x at 330 (quoting Knox Creek Coal Corp. v. Sec'y of Labor, Mine Safety & Health Admin., 811 F.3d 148, 160 (4th Cir. 2016) (quoting Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944))). Here, the BOP's interpretation of P.S. 5880.28 falls woefully short of satisfying this standard. This is so because the BOP clearly disregarded its own P.S., the GCT statute (18 U.S.C. § 3624), and relevant case law when it incorrectly calculated the retroactive start and end dates for Bates's federal sentence, effectively extending Bates's term of imprisonment by four-plus months.

To avoid this conclusion, Saad has submitted a document

showing the methods utilized by the BOP for determining the full term date,[2] target release date,[3] and sentence commencement date[4] (Dkt. No. 29-1). The BOP first determined Bates's full term date for his consecutive 60-month sentence by adding the length of the consecutive portion of his sentence (60 months) to the date of release from his state sentence (March 9, 2016). Id. This yields a full term date of March 8, 2021. Id. Next, to determine the target release date, the full term date (March 8, 2021) was reduced by the amount of GCT that can be earned during a 60-month sentence (235 days). Id. This yields a target release date of July 16, 2020. Id. Third, the BOP determined the tentative full term date[5] by adding the amount of GCT that can be earned during a 97-month sentence (380 days) to the target release date (July 16, 2020). Id. This results in a tentative full term date of August 1, 2021. Id. Finally, the BOP determined the sentence commencement date for Bates's 97-month sentence by subtracting the full 97-month sentence

---

[2] Referred to in Saad's motion as expiration full term date ("EFT").

[3] Referred to in Saad's motion as statutory release date ("SRD").

[4] Referred to in Saad's motion as date computation began ("DCB").

[5] Referred to in Saad's motion as "tentative EFT."

from the tentative full term date (August 1, 2021), arriving at a sentence commencement date of July 1, 2013. Id.

These calculations, however, give no effect to the GCT earned during the concurrent portion of Bates's sentence and, thus, have no effect on the total number of days he will spend in prison. The BOP's piecemeal application of GCT alters the target release date and the sentence commencement date, effectively extending Bates's consecutive 60-month sentence by 4-plus months.

This method directly contravenes P.S. 5880.28's explanation of how to calculate a federal sentence running partially concurrent and partially consecutive to a state sentence because of a conviction under § 924(c)(1). According to P.S. 5880.28, when "a non-federal . . . sentence exists at the same time the 924/non-924 sentence is imposed . . . [a]ssuming that the non-924 counts are ordered to run concurrent with the existing sentence," the full term date is calculated by adding the consecutive 924 term to the non-federal release date, and the sentence commencement date is calculated by subtracting the total term of the federal sentence from the full term date. Dept. of Justice, BOP, Program Statement 5880.28: Sentence Computation Manual (CCCA of 1984) (Sept. 20, 1999).

Following this example, Bates's full term date should be

determined by adding the length of the consecutive portion of his sentence (60 months) to the non-federal release date (March 9, 2016), resulting in a full term date of March 8, 2021. Bates's sentence commencement date should then be determined by subtracting the total term of his federal sentence (97 months) from his full term date (March 8, 2021), resulting in a sentence commencement date of February 8, 2013. GCT should be applied only after both the full term date and the sentence commencement date have been determined. This calculation complies with the examples set forth in P.S. 5880.28.

Conveniently, Saad's motion does not address——let alone acknowledge——the Fourth Circuit's unpublished decision in Hogge, 648 F. App'x. 327, which expressly rejected the exact methodology now advanced by Saad. In Hogge, the Fourth Circuit determined that the target release date should be determined by subtracting from the full term date all GCT earned over the course of the entire federal sentence. Id. at 331. It further held that the BOP's sentencing calculation impermissibly conflicts with the GCT statute, 18 U.S.C. § 3624. Id. at 330.

Section 3624(a) states "[a] prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment, less any time credited toward the service of

10

the prisoner's sentence." (emphasis added). Subsection (b)(2) further clarifies that "credit awarded under this subsection . . . shall vest <u>on the date the prisoner is released from custody</u>." Id. § 3624(b)(2) (emphasis added). By applying 37 months worth of earned GCT to the front end of his sentence, the BOP not only does not vest Bates's GCT "on the date [he] is released from custody," § 3624(b)(2), but also gives him "an illusory benefit for his good behavior during the concurrent portion of his sentence, as it has no effect on the length of time he will spend in prison," <u>Hogge</u>, 648 F. App'x. at 332.

Thus, the BOP's misplaced application of GCT disregards the "clear purpose of the GCT statute to provide inmates with an incentive to comply with prison rules." <u>Id.</u> at 330. The correct method of calculation, as set forth in 18 U.S.C. § 3624, P.S. 5880.28, and <u>Hogge</u>, makes clear that all of the GCT Bates earned over the course of his entire federal sentence should be subtracted from the full term date, March 8, 2021. In other words, Bates should be released on March 8, 2021, less all GCT earned over his entire 97-month sentence.

Finally, setting aside the Court's March 26, 2019 Memorandum Opinion and Order would unfairly prejudice Bates by extending his consecutive 60-month sentence by 4-plus months. <u>Aikens</u>, 652 F.3d at

11

501 (stating that, to set aside a judgment under Rule 60(b), "the opposing party must not be unfairly prejudiced").

### IV. CONCLUSION

For the reasons discussed, the Court **DENIES** Saad's Motion for Reconsideration (Dkt. No. 29) and **ORDERS** that the BOP:

(1) recalculate the retroactive start date of Bates's 37-month federal sentence so that

it commences on or before February 8, 2013, and concludes on or before March 8, 2016; and

(2) recalculate the start date of Bates's 60-month sentence so that it commences on March 9, 2016, and concludes on or before March 8, 2021, less good conduct time earned during the entirety of his 97-month federal sentence.

The Clerk is directed to mail a copy of this Order to Bates by certified mail, return receipt requested, and to counsel of record and all appropriate agencies by electronic means.

DATED: August 15, 2019

                                /s/ Irene M. Keeley
                                IRENE M. KEELEY
                                UNITED STATES DISTRICT JUDGE

# ADDENDUM

## CHRONOLOGY OF RELEVANT DATES

November 13, 2011:　Bates arrested by the Henry County Sheriff's Office, beginning his time spent in pretrial custody;

August 30, 2012:　Bates commences his state sentence, ending his time spent in pretrial custody;

July 1, 2013:　Bates retroactively starts his federal sentence of 37 months on Count 3;

March 8, 2016:　Bates ostensibly satisfies his retroactive 37-month sentence on Count 3;

March 9, 2016:　Bates satisfies his state sentence and is transferred into federal custody to begin his consecutive, 60-month sentence on Count 4; and

July 13, 2021:　The date Bates is projected to be released without good conduct time (the latest date he could be released).